UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDE, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>VALLEY PROTEIN, LLC,<br><br>        Defendant.<br><br>VALLEY PROTEIN, LLC,<br><br>        Counter-claimant,<br><br>    v.<br><br>LINDE, LLC,<br><br>        Counter-defendant. | No. 1:16-cv-00527-DAD-EPG<br><br>ORDER DIRECTING SUPPLEMENTAL BRIEFING |

On September 18, 2018, the court heard oral argument on plaintiff and counter-defendant Linde, LLC's ("Linde") motion for summary judgment. (Doc. No. 52.) Among several issues raised by the court at that hearing was the matter of the appropriate choice of law. Although

Linde's motion was based on California law, defendant Valley Protein, LLC's ("Valley Protein") opposition pointed out that the relevant agreements in this case contained choice of law provisions dictating that New Jersey law governed interpretation of those agreements. (Doc. No. 53 at 17.) Although not conceding that New Jersey law applied, Linde nonetheless devoted its reply to explaining how it was entitled to summary judgment under the laws of New Jersey. (Doc. No. 58.) Both in its reply and at the hearing on the pending motion, Linde's counsel requested that if the court were inclined to deny Linde's motion on the ground that it was based on the law of an improper forum, that any denial be without prejudice.

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Implicit in this, of course, is citation to appropriate legal authority. *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 161 (1970) ("[T]he party moving for summary judgment has the burden to show that he is entitled to judgment under established principles; and if he does not discharge that burden then he is not entitled to judgment."). While the court will exercise its discretion and consider the arguments raised for the first time in Linde's reply, *see United States v. Gianelli*, 543 F.3d 1178, 1184 n.6 (9th Cir. 2008), the court observes that Linde's reply does not address all relevant causes of action. In particular, Linde has provided no briefing as to the viability of its claims for account stated and goods and services rendered under New Jersey law. Because Linde bears the burden on this point, it is obligated to provide the legal basis for the granting of summary judgment.

The court has considered Linde's suggestion that summary judgment be denied without prejudice. However, in the interest of conserving valuable judicial resources, the undersigned concludes that an additional round of briefing should be sufficient to address the court's concerns. Accordingly, within fourteen days from the date of service of this order, Linde is directed to file supplemental briefing as to its third and fourth causes of action, explaining on what legal basis it is entitled to judgment as a matter of law as to these claims.[1] Upon filing of Linde's

---

[1] Alternatively, if Linde concludes that it is not entitled to judgment as to these claims, it should so state in its supplemental briefing.

2

supplemental brief, Valley Protein will be granted a further fourteen days to respond to Linde's submission, and is hereby also permitted to respond to any arguments raised for the first time in Linde's reply brief.  The parties' briefing shall be limited to fifteen pages each.  Upon submission of this further briefing, the motion will be re-submitted for decision.

IT IS SO ORDERED.

Dated:   **January 19, 2019**　　　　　　　/s/ Dale A. Drozd
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE