UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDE, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>VALLEY PROTEIN, LLC,<br><br>    Defendant. | No. 1:16-cv-00527-DAD-EPG<br><br>ORDER VACATING STATUS CONFERENCE, GRANTING PLAINTIFF'S MOTION TO AMEND, AND ENTERING JUDGMENT<br><br>(Doc. No. 77) |
| VALLEY PROTEIN, LLC,<br><br>    Counter-claimant,<br><br>    v.<br><br>LINDE, LLC,<br><br>    Counter-defendant. | |

On July 11, 2019, the undersigned granted in part the motion for summary judgment filed by plaintiff and counter-defendant Linde, LLC ("Linde"). (Doc. No. 76.) As relevant here, the

1

court granted summary judgment in Linde's favor as to all claims and counter-claims except Linde's claim against defendant and counter-claimant Valley Protein, LLC ("Valley Protein") for breach of the implied covenant of good faith and fair dealing. (*Id.* at 40–41.) Because that cause of action remained unresolved, the court declined to enter judgment at that time. However, the court also noted that if Linde sought entry of judgment in its favor, it could voluntarily withdraw that cause of action, at which time judgment in Linde's favor would appropriately be entered. (*Id.* at 41.) On July 31, 2019, Linde filed an application for dismissal of its cause of action for breach of the implied covenant of good faith and fair dealing. (Doc. No. 77.)

When a party seeks to dismiss some, but not all, of its claims, Federal Rule of Civil Procedure 15 applies rather than Federal Rule of Civil Procedure 41. *Gen. Signal Corp. v. MCI Telecomms. Corp.*, 66 F.3d 1500, 1513 (9th Cir. 1995). In analyzing whether leave to amend should be granted under Rule 15, courts consider five factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended the complaint. *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) (citing *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)). "Prejudice to the opposing party is the most important factor." *Jackson v. Bank of Haw.*, 902 F.3d 1385, 1397 (9th Cir. 1990) (citing *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 330–31 (1971)).

All five factors support amendment in this case. No bad faith is apparent here because Linde is simply seeking to have this case resolved in a timely manner. In addition, Linde's filing indicates that it sought to withdraw its cause of action by way of stipulation, but that Valley Protein declined to stipulate. (Doc. No. 77 at 6.) Nor does the court find any undue delay— Linde's filing indicates that it sought to enter into a stipulation with Valley Protein to dismiss its cause of action for breach of the implied covenant of good faith and fair dealing on July 18, 2019 and received a response on July 29, 2019. (*Id.*) Linde's application to dismiss that cause of action was filed two days thereafter, indicating that Linde has acted expeditiously in seeking to do so. Third, the court finds no prejudice to Valley Protein because "[i]t is axiomatic that prejudice does not attach to a claim that is properly dropped from a complaint under Rule 15(a) prior to final judgment." *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 690 (9th Cir.

2005).  Fourth, amendment is plainly not futile because Linde is not seeking to add new claims. Finally, a review of the docket indicates that Linde has never amended its complaint.  Under these circumstances, construed as a motion to amend, Linde's application will be granted.

For these reasons,

1. Linde's application for dismissal (Doc. No. 77), construed as a motion to amend, is granted;
2. Linde's second cause of action for breach of the implied covenant of good faith and fair dealing is dismissed;
3. The status conference presently set for August 20, 2019 before the undersigned is vacated;
4. Judgment is entered in favor of Linde, LLC and against Valley Protein, LLC in the amount of $1,002,047.89; and
5. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: **August 5, 2019**

_____
UNITED STATES DISTRICT JUDGE