UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDE, LLC,<br><br>        Plaintiff,<br><br>   v.<br><br>VALLEY PROTEIN, LLC,<br><br>        Defendant. | No. 1:16-cv-00527-DAD-EPG<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES<br><br>(Doc. No. 80) |
| VALLEY PROTEIN, LLC,<br><br>        Counter-claimant,<br><br>   v.<br><br>LINDE, LLC,<br><br>        Counter-defendant. | |

This matter is before the court on the motion for attorneys' fees filed by plaintiff and counter-defendant Linde, LLC ("Linde"). (Doc. No. 80.) On October 1, 2019, that motion came before the court for hearing. Attorney Adam Scott Hamburg appeared on behalf of Linde. No

1

appearance was made on behalf of defendant and counter-claimant Valley Protein, LLC ("Valley Protein") but a statement of non-opposition was filed prior to the hearing. Having considered Linde's briefing, and for the reasons that follow, Linde's motion will be granted.

## BACKGROUND

The parties are familiar with the factual background of this case, which need not be repeated here. On July 11, 2019, the undersigned granted in part Linde's motion for summary judgment. (Doc. No. 76.) As relevant here, the court granted summary judgment in Linde's favor as to all claims and counter-claims except Linde's claim against Valley Protein for breach of the implied covenant of good faith and fair dealing. (*Id.* at 40–41.) Subsequently, Linde filed an application for dismissal as to that remaining cause of action (Doc. No. 77), which the court granted on August 6, 2019. (Doc. No. 78.) Judgment against Valley Protein was entered that same day. (Doc. No. 79.)

Linde filed the instant motion for attorneys' fees on August 20, 2019. (Doc. No. 80.) In it, Linde seeks a total of $246,290.00 in attorneys' fees, plus any additional fees that may be incurred in connection with the pending motion. (*Id.* at 7.) Linde argues that it is entitled to attorneys' fees under the contracts at issue in this case and California Civil Code § 1717. As noted above, on September 26, 2019, Valley Protein filed a statement of non-opposition to the motion. (Doc. No. 88.)

## LEGAL STANDARD

"Rule 54 provides a federal procedural mechanism for moving for attorney's fees that are due under state law." *Cheffins v. Stewart*, 825 F.3d 588, 597 (9th Cir. 2016). Where, as here, a federal district court exercises jurisdiction over a state law claim, the law of the forum state regarding the award of attorneys' fees should generally be followed "so long as state law does not run counter to a valid federal statute or rule of court[.]" *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1281 (9th Cir. 1999) (internal quotation marks omitted).

Awards of attorneys' fees in actions on a contract are governed by California Civil Code § 1717. That provision provides, in relevant part, that

/////

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Cal. Civ. Code § 1717(a). The primary purpose of that provision, as recognized by the California Supreme Court, is "to establish mutuality of remedy when a contractual provision makes recovery of attorney fees available to only one party, and to prevent the oppressive use of one-sided attorney fee provisions." *Trope v. Katz*, 11 Cal. 4th 274, 285 (1995). Thus, § 1717 is construed broadly, and "reflects legislative intent that equitable considerations must prevail over both the bargaining power of the parties and the technical rules of contractual construction." *Hjelm v. Prometheus Real Estate Grp.*, 3 Cal. App. 5th 1155, 1168 (2016) (quoting *Int'l Indus., Inc. v. Olen*, 21 Cal. 3d 218, 224 (1978)). To that end, courts have recognized that § 1717 applies "in a variety of circumstances extending beyond a direct breach of contract claim." *Id.* at 1170; *see also In re Baroff*, 105 F.3d 439, 442–43 (9th Cir. 1997) ("California courts liberally construe 'on a contract' to extend to any action as long as an action involves a contract and one of the parties would be entitled to recover attorney fees under the contract if that party prevails in its lawsuit.") (internal quotation marks and brackets omitted); *Santisas v. Goodin*, 17 Cal. 4th 599, 611 (1998) (noting that § 1717 applies "when a person sued on a contract containing a provision for attorney fees to the prevailing party defends the litigation by successfully arguing the inapplicability, invalidity, unenforceability, or nonexistence of the same contract") (internal quotation marks omitted).

## ANALYSIS

Several preliminary issues must be addressed before reaching the ultimate question of the amount of attorneys' fees to be awarded. First is the question of which state's law applies here. Ordinarily, "[a] federal court sitting in diversity applies the law of the forum state regarding an award of attorneys' fees." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000). Here, however, that analysis is less straightforward because the 2014 Product Supply Agreement entered into between Linde and Valley Protein (the "2014 Agreement") contained a

3

choice-of-law provision. (Doc. No. 52-2 at 38.) That provision stated that "New Jersey law governs all matters pertaining to the validity, construction, and effect of this agreement, without giving effect to any principles or rules of conflict of laws that apply the laws of another jurisdiction." (*Id.*) Because California law embodies a "strong policy favoring enforcement" of contractual choice-of-law provisions, *Nedlloyd Lines B.V. v. Superior Court*, 3 Cal. 4th 459, 465 (1992), the court first turns to New Jersey law to determine the availability of attorneys' fees in this case.

In New Jersey, "the procedural law of the forum state applies even when a different state's substantive law must govern." *N. Bergen Rex Transp., Inc. v. Trailer Leasing Co.*, 730 A.2d 843, 848 (N.J. 1999). Moreover, the Supreme Court of New Jersey has determined that "attorneys' fees are a matter of practice and procedure, rather than of substantive law." *Id.* Thus, because (1) California is the forum state to this action, (2) the 2014 Agreement states that New Jersey law applies to interpretation of the contract, (3) New Jersey law dictates that the procedural law of the forum state applies, and (4) entitlement to an award of attorneys' fees is treated as procedural rather than substantive under New Jersey law, it follows that California law regarding attorneys' fees applies to this motion.

California Civil Code § 1717 determines the entitlement to an award of attorneys' fees in an action "on a contract." As noted already, that provision is interpreted broadly, and provides for an award of attorneys' fees even where the cause of action is not specifically a claim for breach of contract. *See In re Baroff*, 105 F.3d at 442–43; *Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 348 (2008) (concluding that an action seeking declaratory and injunctive relief to quiet title was "on a contract" for purposes of § 1717). To be sure, in an action asserting both tort and contract claims, "section 1717 applies only to attorney fees incurred to litigate the contract claims." *Santisas v. Goodin*, 17 Cal. 4th 599, 615 (1998). But where, as here, the litigation involved related contract and tort claims, a court need not attempt to apportion attorneys' fees according to the particular cause of action. *See Reynolds Metals Co. v. Alperson*, 25 Cal. 3d 124, 129–30 (1979) ("Attorney's fees need not be apportioned when incurred for representation on an issue common to both a cause of action in which fees are proper and one in which they are not

4

allowed."); *Akins v. Enter. Rent-A-Car Co. of S.F.*, 79 Cal. App. 4th 1127, 1133 (2000) ("When the liability issues are so interrelated that it would have been impossible to separate them into claims for which attorney fees are properly awarded and claims for which they are not, then allocation is not required.").

Here, and in the absence of any contrary suggestion by defendant and counter-claimant Valley Protein, the court has no difficulty in concluding that the action in its entirety is "on a contract." As relevant here, the entire relationship between Linde and Valley Protein is a contractual one, namely Valley Protein's agreement to purchase $CO_2$ and lease freezer equipment from Linde. Linde and Valley Protein each asserted breach of contract claims against one another, and the other causes of action are intertwined with the contracts at issue. *See Billon, Inc. v. Slatin*, No. SACV 16-00788-CJC (JPRx), 2018 WL 1409746, at *3 (C.D. Cal. Jan. 3, 2018) (awarding attorneys' fees under § 1717 even where some causes of actions were tort claims after finding that all of plaintiff's claims "were based on the same underlying core of facts"). Thus, because the parties' 2014 Agreement provides that Valley Protein must reimburse Linde for any attorneys' fees associated with enforcement of that agreement (Doc. No. 52-2 at 39), California Civil Code § 1717 applies to this case.

The court similarly finds that Linde is a "prevailing party" for purposes of § 1717(b). Under that provision, the prevailing party is simply "the party who recovered a greater relief in the action on the contract." Cal. Civ. Code § 1717(b)(1). Judgment in this case has already been rendered in favor of Linde and against Valley Protein in the amount of $1,002,047.89, and no competing judgment was entered in favor of Valley Protein and against Linde. Thus, Linde is clearly the prevailing party in this litigation.

These issues having been resolved, the court next turns to the reasonableness of the attorney's fees requested by Linde. Linde requests a total award of $246,900.00, plus any additional fees incurred in the course of litigating this motion for attorney's fees. The court first addresses the propriety of the hourly rates sought by Linde. In assessing fee applications, the reasonable hourly rates are calculated according to the prevailing market rates in the relevant legal community. *Blum v. Stenson*, 465 U.S. 886, 895 (1984); *Gonzalez v. City of Maywood*, 729

F.3d 1196, 1205 (9th Cir. 2013); *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011) ("We have held that '[i]n determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.'") (quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210–11 (9th Cir. 1986)); *Van Skike v. Dir., Office of Workers' Comp. Programs*, 557 F.3d 1041, 1046 (9th Cir. 2009); *Carson v. Billings Police Dep't*, 470 F.3d 889, 891 (9th Cir. 2006). Typically, the "relevant legal community" is the forum district[1] and the local hourly rates for similar work should normally be employed. *Gonzalez*, 729 F.3d at 1205; *Prison Legal News*, 608 F.3d at 454; *Gates v. Rowland*, 39 F.3d 1439, 1449 (9th Cir. 1994); *Deukmejian*, 987 F.2d at 1405.

Linde's requested fee award is broken down as follows:

| **Attorney Name** | **Billing Hours** | **Hourly Rate** | **Billed Amount** |
|---|---|---|---|
| Adam Hamburg | 311.7 | $450/hour | $140,265.00 |
| Allison Chua | 60.5 | $300/hour | $18,150.00 |

---

[1] The court recognizes that judges of the Eastern District of California have often distinguished between the Fresno and Sacramento communities in determining hourly rates. The general rule for awarding attorneys' fee rates, however, is that "the rates of attorneys practicing in the forum *district*" are used. *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992) (emphasis added). The ultimate task of the court is to discern the "prevailing market rates in the relevant community." *See Gonzalez*, 729 F.3d at 1205 (quoting *Dang v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005)). This court has found no authority for the proposition that hourly rates for attorneys in Sacramento may not be used to guide the court's award of such fees in cases originating in Fresno, particularly in specialized fields of litigation. Again, the typical approach looks to the *district* in which the court sits. *See Gonzalez*, 729 F.3d at 1206 (noting the appropriate rate was "the market rate prevailing in the Central District of California"); *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 455 (9th Cir. 2010) (using the "Northern District of California" as the relevant legal community); *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (same); *Davis v. Mason County*, 927 F.2d 1473, 1488 (9th Cir. 1991) (using the Western District of Washington as the relevant local community), *overruled on other grounds as recognized in Davis v. City & County of San Francisco*, 976 F.2d 1536, 1556 (9th Cir. 1992). *But see Vega v. Eatherford U.S. LP*, No. 1:14-cv-01790-JLT, 2016 WL 7116731, at *16 (E.D. Cal. Dec. 7, 2016) (concluding that within the Eastern District of California, the appropriate forum for determining the lodestar rate is the division of the district in which the case is filed) (quoting *Jadwin v. County of Kern*, 767 F. Supp. 2d 1069, 1129 (E.D. Cal. 2011)). Finally, the undersigned would note that according to the Local Rules of this court, this is not a district court with separate divisions, as many are, but rather is a single district sitting in designated locations for venue purposes. *See* Local Rule 120.

6

| | | | |
|---|---|---|---|
| Mike Aleali | 20.3 | $300/hour | $6,090.00 |
| Christopher Bottcher | 70.1 | $450/hour | $31,545.00 |
| Gary Hebert | 24.8 | $500/hour | $12,400.00 |
| Yaron Shaham | 58.2 | $450/hour | $26,190.00 |
| Evan Sorensen | 23.3 | $500/hour | $11,650.00 |
| **TOTALS** | **568.9** | | **$246,290.00** |

In support of these hourly rates, Linde has submitted the Declaration of Adam S. Hamburg. (Doc. No. 81 ("Hamburg Decl.").) The Hamburg Declaration details the experience of each attorney who has worked on this case for plaintiff. With respect to attorney Adam Hamburg, it states that he graduated from law school in 2006, was admitted to practice law in California that same year and that an hourly rate of $450.00, which Mr. Hamburg seeks here, is appropriate for attorneys with 11–15 years of experience. (*Id.* at ¶ 8.)

With respect to attorney Allison Chua, the Hamburg Declaration states that she was employed as an associate from March 2016 through April 2017, and then again from March 2018 through September 2018, that attorney she Chua graduated from law school in 2012 and was admitted to practice law in California that same year. (*Id.* at ¶ 7.) The Hamburg Declaration provides that $300.00 per hour is an appropriate hourly rate for an attorney with 6–10 years of experience such as attorney Chua, and further that this rate is roughly $91.00 less than the average attorney hourly rate at a large California law firm for an attorney with similar experience. (*Id.*)

The Hamburg Declaration next states that attorney Mike Aleali worked on this matter from March 2017 through June 2017, that he was admitted to practice law in 2012, and thus had roughly five years of legal experience prior to working on this case. (*Id.* at ¶ 5.) Linde also seeks an hourly rate of $300.00 for attorney Aleali.

/////

Attorney Christopher Bottcher is a senior partner who was admitted to practice law in Alabama in 1996. (*Id.* at ¶ 6.) Attorney Bottcher worked on this matter from August 2016 through June 2017, giving him roughly 20 years of legal experience. (*Id.*) Linde seeks an hourly rate of $450.00 for time expended by attorney Bottcher which, according to the Hamburg Declaration, is approximately $100.00 less than the average hourly rate for attorneys of similar experience. (*Id.*)

Attorney Gary Hebert is also a senior partner at McGlinchey Stafford, who was admitted to practice law in Louisiana in 1989. (*Id.* at ¶ 9.) Attorney Hebert began working on this case in April 2016 and continued to do so through July 2019. (*Id.*) Thus, attorney Hebert had between 25 and 30 years of experience and Linde seeks attorneys' fees at a rate of $500.00 per hour for time he expended on this case. (*Id.*) The Hamburg Declaration states that this rate is roughly $113.00 less than the prevailing hourly rate for attorneys of similar experience at large law firms in California. (*Id.*)

Attorney Yaron Shaham worked on this matter from July 2016 through November 2016. (*Id.* at ¶ 10.) Attorney Shaham was admitted to practice law in California in 2001, and admitted to practice in Texas in 2013. (*Id.*) He therefore had roughly 15 years of legal experience at the time of his work on this case and Linde seeks an hourly rate for his time of $450.00. (*Id.*)

Finally, the Hamburg Declaration states that attorney Evan Sorensen worked on this matter from February 2016 until July 2016. (*Id.* at ¶ 11.) Attorney Sorensen devoted 23.3 hours to this case and possessed roughly 20 years of legal experience at the time. Linde seeks attorneys' fees at an hourly rate of $500.00 for time expended on this case by attorney Sorensen which, according to the Hamburg Declaration, is approximately $50.00 less than the average hourly rate for an attorney of similar experience at a large law firm in California.

Given the Hamburg Declaration, as well as this court's understanding of the prevailing hourly rates in the Eastern District of California, the court concludes that the requested rates are in the range of rates ordinarily awarded for complex commercial matters litigated in this District. *See Tenorio v. Gallardo*, No. 1:16-cv-00283-DAD-JLT, 2019 WL 3842892, at *4 (E.D. Cal. Aug. 15, 2019) (awarding fees at an hourly rate of $525.00 to an attorney with roughly 23 years of

experience); *N.L. ex rel. Lemos v. Credit One Bank, N.A.*, No. 2:17-cv-01512-JAM-DB, 2019 WL 1428122, at *5 (E.D. Cal. Mar. 29, 2019) (approving an hourly rate of $400 for an attorney with nine years' experience in a case involving the Telephone Consumer Protection Act and the Rosenthal Fair Debt Collection Practices Act); *Early v. Keystone Rest. Grp., LLC*, No. 2:16-cv-00740-JAM-DB, 2019 WL 918211, at *5 (E.D. Cal. Feb. 25, 2019) (stating that "the relevant market in this case is the rate prevailing in the Eastern District of California" and approving an hourly rate of $530.00 in an employment discrimination case for an attorney with over 30 years' experience). Because the rates proposed by plaintiffs are not unreasonable on their face and are unopposed, the court will approve the hourly rates as requested.

In addition, the court finds no basis upon which to deduct any amount of attorneys' fees due to excessive billing. Although Valley Protein hints in its statement of non-opposition that a reduction is warranted (Doc. No. 88 at 1), it fails to identify any billing entries that are "excessive, redundant, or otherwise unnecessary." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). This was Valley Protein's burden, and the court declines to appoint itself as defense counsel and reduce the requested amount of fees *sua sponte*. *See DeLew v. Nevada*, No. 2:00-CV-00460-LRL, 2010 WL 11636127, at *8 (D. Nev. Jan. 7, 2010) (noting that "it is inappropriate for defendant to delegate to the Court the work of analyzing all billing entries line-by-line in an effort to identify entries the [defendant] might find objectionable") (ellipses omitted); *Ellison v. Balinski*, No. 07-14795, 2009 WL 2057253, at *2 (E.D. Mich. July 15, 2009) ("The Court will not deduct any additional time from [plaintiff's counsel's] billing absent specific objections by Defendants."), *aff'd*, 625 F.3d 953 (6th Cir. 2010).

For these reasons, Linde's motion for attorneys' fees (Doc. No. 80) in the amount of $246,219.00 is granted.

IT IS SO ORDERED.

Dated: **October 3, 2019**

UNITED STATES DISTRICT JUDGE

9