UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDE, LLC,<br><br>   Plaintiff,<br><br>   v.<br><br>VALLEY PROTEIN, LLC,<br><br>   Defendant. | Case No.   1:16-cv-00527-KES-EPG<br><br>ORDER GRANTING APPLICATION FOR APPEARANCE AND EXAMINATION CONCERNING PROPERTY OF THE JUDGMENT DEBTOR<br><br>(ECF No. 99)<br><br>EXAMINATION OF ROBERT COYLE SET FOR AUGUST 1, 2024, AT 10:00 A.M. |

**I.     INTRODUCTION**

Plaintiff Linde, LLC has filed an application asking the Court to order a third party, Mr. Robert Coyle, to appear at the Fresno Courthouse for an examination concerning property of Defendant Valley Protein, LLC, the judgment debtor in this case. (ECF No. 99). For the reasons explained below, the Court will grant the application. *See* Local Rule 302(c)(11) (assigning "[e]xamination of judgment debtors" to the magistrate judge assigned to a case).

**II.    BACKGROUND**

Some brief background information is helpful to understanding Plaintiff's application. Plaintiff filed this case on April 14, 2016, bringing state law claims for breach of contract, breach of the implied covenant of good faith and fair dealing, account stated, and goods and services rendered. (ECF No. 1). Generally, the complaint alleged that Defendant failed to comply with the parties' agreement that Defendant would purchase carbon dioxide from Plaintiff for Defendant's plant located in Fresno, California.

1

In July 2019, formerly presiding District Judge Dale A. Drozd granted summary judgment to Plaintiff on all its claims—except for its claim for breach of the implied covenant of good faith and fair dealing—resulting in an award of $1,002,047.89. (ECF No. 76, pp. 40-41). Later, Plaintiff was also awarded $246,219.00 in attorney fees (ECF No. 90) and $5,061.56 for costs (ECF No. 91).

For nearly five years, no action occurred in the case. However, in April 2024, after Plaintiff's counsel served discovery requests seeking information they believed would assist with Plaintiff's enforcement of the judgment, defense counsel moved to withdraw from this case, noting that Defendant's managing member, Mr. Robert Coyle, consented to the termination of representation. (ECF No. 94). The Court granted the motion, and no substitute counsel has appeared on behalf of Defendant. (ECF No. 98).

Now before the Court is Plaintiff's application, which asks for an order directing Mr. Robert Coyle to appear for an examination on June 28, 2024, at 10 a.m. in Courtroom 10 of the Fresno Courthouse to answer questions regarding property in his possession or control that belongs to Defendant that may be used to enforce the monetary judgment in this case. (ECF No. 99). In support of the application, Plaintiff has provided a declaration from Attorney Derek Mayor. (ECF No. 99-1). Among other things, the declaration states as follows: Defendant is a California LLC with one member and manager, Mr. Robert Coyle; Defendant's business address is 1828 East Hedges, Fresno, California 93703; Defendant has failed to pay any of the amounts owed; and Plaintiff wants to examine Mr. Robert Coyle because he "may have possession or control of property in which the Judgment Debtor has an interest or is indebted to the Judgment Debtor in an amount exceeding two hundred and fifty dollars ($250)." (ECF No. 99-1, p. 3).

### III.   STANDARDS

Federal Rule of Civil Procedure 69 addresses enforcement proceedings:

**(a) In General.**

   **(1)** *Money Judgment; Applicable Procedure.* A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

   **(2)** *Obtaining Discovery.* In aid of the judgment or execution, the judgment

2

> creditor or a successor in interest whose interest appears of record may obtain discovery from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the court is located.

Fed. R. Civ. P. 69(a)(1)-(2).

Accordingly, Rule 69 permits a judgment creditor (Plaintiff in this case) to utilize state law procedures where the court is located to obtain discovery to enforce a judgment. Here, Plaintiff's application is made on a California state form that cites authority governing examination proceedings, which authority is primarily found in California's Code of Civil Procedure §§ 708.110 to 708.205.

Principally, Plaintiff cites § 708.120, which governs the issuance of an order where property is in the possession or control of a third party, Mr. Robert Coyle in this case.

> Upon ex parte application by a judgment creditor who has a money judgment and proof by the judgment creditor by affidavit or otherwise to the satisfaction of the proper court that a third person has possession or control of property in which the judgment debtor has an interest or is indebted to the judgment debtor in an amount exceeding two hundred fifty dollars ($250), the court shall make an order directing the third person to appear before the court, or before a referee appointed by the court, at a time and place specified in the order, to answer concerning such property or debt. The affidavit in support of the judgment creditor's application may be based on the affiant's information and belief.

Cal. Civ. Proc. Code § 708.120(a).

This same section has other requirements, including that (1) an order for examination be served on the third person and the judgment debtor, § 708.120(b); (2) the order provide certain notices, § 708.120(e); (3) the provision of mileage fees to a third person at the time of service to cover travel costs, § 708.120(f).

**IV.     ANALYSIS**

Upon review, the Court will grant Plaintiff's application, although it will select a different date for the examination to allow time for service of this order and sufficient notice to Mr. Coyle.

As described above, Plaintiff (the judgment creditor) has a monetary judgment in this case against Defendant (the judgment debtor). (ECF Nos. 76, 79). Further, Plaintiff has submitted satisfactory evidence through Attorney Mayor's declaration that a third person—Mr. Robert Coyle—has possession or control of property in which the judgment debtor has an interest or is

indebted to the judgment debtor in an amount exceeding two hundred fifty dollars ($250). Specifically, the declaration states that Mr. Robert Coyle is the sole member and manager of Defendant.[1] Thus, Mr. Robert Coyle would reasonably be expected to have possession or control of Defendant's property. Accordingly, the Court will grant the application subject to the requirements specified below and any that apply by the operation of law.

## V.     ORDER

Accordingly, IT IS ORDERED as follows:

1. Plaintiff's application for appearance and examination concerning property of the judgment debtor (ECF No. 99) is granted.

2. Third party Mr. Robert Coyle shall appear personally on August 1, 2024, at 10:00 a.m.,[2] in Courtroom 10 of the United States District Courthouse, located at 2500 Tulare Street, Fresno, California, 93721 to answer questions concerning the property of Defendant and judgment debtor Valley Protein, LLC.

3. Plaintiff is responsible for serving this order. Specifically, as required by California Code of Civil Procedure § 708.120(b), not less than 10 days prior to the date set for the examination, a copy of the order shall be: (1) Served personally on the third person and (2) served personally or by mail on the judgment debtor.[3] Additionally, Plaintiff shall file proof of service as soon as practicable.

4. As required by California Code Civil Procedure Code § 708.120(e), the following statements are provided in 14-point boldface type:

   a. **(1) "NOTICE TO PERSON SERVED. If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court and the court may make an order requiring you to pay the reasonable attorney's fees incurred by the judgment creditor in this proceeding."**

---

[1] The Court notes that Mr. Robert Coyle submitted a declaration on April 24, 2024, in support of counsel's request to withdraw stating, "I am the Managing Member of Valley Protein, LLC ('Valley Protein')." (ECF No. 95, p. 1).

[2] While Plaintiff requested June 28, 2024, for the examination, the Court has extended this date to allow sufficient time to serve this order.

[3] For personal service, this order may be served by the United States Marshal Service, a sheriff, or registered process server.

      b. **(2) "NOTICE TO JUDGMENT DEBTOR. The person in whose favor the judgment was entered in this action claims that the person to be examined pursuant to this order has possession or control of property which is yours or owes you a debt. This property or debt is as follows: (see the description of the property identified above in this order). If you claim that all or any portion of this property or debt is exempt from enforcement of the money judgment, you must file your exemption claim in writing with the court and personally serve a copy on the judgment creditor not later than three days before the date set for the examination. You must appear at the time and place set for this examination to establish your claim of exemption or your exemption may be waived."**

IT IS SO ORDERED.

Dated: __June 12, 2024__                    /s/ Erica P. Grosjean
                                                              UNITED STATES MAGISTRATE JUDGE